UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 19-57624

ABDOUN ESTATE HOLDINGS, LLC,                              Chapter 11

           Debtor.                                    Judge Thomas J. Tucker
_____/

**ORDER REQUIRING THE DEBTOR TO AMEND DISCLOSURE STATEMENT**

On March 3, 2020, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's First Amended Combined Plan and Disclosure Statement" (Docket # 39). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document (the "Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

First, the Debtor must treat the claim of Alexander V. Lyzohub, currently treated in Group II of the Plan on page 5, in a separate class under part C(2) of the Plan. The Debtor also must state the following: the value of the property located at 16500-16512 Telegraph, Detroit, MI 48219 on which this creditor has an attorney lien; the priority of this creditor's lien on that property; and the basis and nature of the debt that gave rise to this creditor's lien.

Second, regarding the treatment of the mechanic's liens of CRW, Inc. and TEK Environmental in Class 3 of the Plan on page 7, the Debtor must treat each of these creditors in a separate class, and for each such class, the Debtor must state that the class is not entitled to vote on the Plan and is deemed to reject the Plan under 11 U.S.C. § 1126(g), because the class will receive nothing under the Plan.

Third, with regard to the treatment of the Class 4 claims of general unsecured creditors in

the Plan on page 7, the Debtor must state (or estimate) the total amount of the payments that will paid to this class monthly.

Fourth, in paragraph D.2 of the Plan on page 8, the Debtor must summarize the terms of the land contract, including the date that the contract was entered into; the sale price of the property; and the payment terms, including the frequency and duration of the payments. The Debtor also must state the amount still owing on the land contract.

Fifth, in paragraph E of the Plan on pages 10-11, and in paragraph IV.C of the Disclosure Statement on page 19, the Debtor must estimate the value of each of the claims that it has against third parties. The Debtor also must include those estimated amounts in the Liquidation Analysis.

Sixth, assuming that the following is consistent with the Debtor's intent, the Debtor must amend the second sentence of paragraph D.4 on page 10 of the Plan, so that it states: "This obligation shall continue unless and until the Debtor is able to meet such obligations through rent of commercial space as set forth in Paragraph (D)(1), **collection of sums owed under the land contract with the land contract vendee** or from the sale of the vacant real estate as set forth in Paragraph (D)(2), and/or successful prosecution of claims as set forth in Paragraph (D)(3)." (Bold emphasis added, for illustration purposes in this Order only).

Seventh, in paragraph V of the Plan on page 20, the Debtor must provide pre-petition financial information for years 2017, 2018, and 2019 in a line itemization format consistent with the format it used for its projections (*i.e.*, the Debtor must list each income and each expense item separately).

Accordingly,

IT IS ORDERED that no later than **March 10, 2020**, the Debtor must file an amended

combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **March 10, 2020**, the Debtor also must file a redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Debtor's First Combined Plan and Disclosure Statement" filed March 3, 2020.

**Signed on March 6, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**