UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 19-57624

ABDOUN ESTATE HOLDINGS, LLC,  Chapter 11

      Debtor.  Judge Thomas J. Tucker
_____/

**ORDER REQUIRING THE DEBTOR TO AMEND DISCLOSURE STATEMENT**

On May 18, 2022, the Debtor filed a plan and disclosure statement, in a document entitled "Debtor's Second Amended Combined Plan and Disclosure Statement" (Docket # 108, the "plan"). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document. The Court notes the following problems, which the Debtor must correct.

1. On page 8, under paragraph D.(1), the plan says "see attached Exhibit B . . ." but there is no such exhibit attached. The Debtor must attach such exhibit to the amended plan/disclosure statement that it files in response to this Order.

2. In the description of the proposed treatment of Class 2 (Red Oak Capital Fund III, LLC ("Red Oak")) on pages 6-7 of the plan, the Debtor must state the debt amount claimed by Red Oak, and the Debtor must state what is the agreed amount to be paid to Red Oak at a closing of the sale by the Debtor of the Debtor's real estate, under the proposed settlement with Red Oak.[1]

3. The Debtor must amend paragraph G on page 11 of the plan as follows:

---

[1] On May 25, 2022, the Court entered an order entitled "Order Granting Debtor's Ex Parte Motion to File (And Keep) under Seal the Debtor's Settlement Agreement with Red Oak Capital Fund III, LLC, Subject to a Limited Disclosure Required by this Order" (Docket # 115), which, in relevant part, ordered the Debtor "to file a supplement to the Debtor's pending motion entitled 'Motion to Approve Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019' (Docket # 105), which discloses the following term in the Settlement Agreement: the amount that the Debtor must pay to Red Oak upon the closing of a sale by the Debtor of the Property" and to "serve that supplement on all creditors in this case[.]"

- The Debtor must amend the heading of paragraph G so that it says only: "Re-Vesting of Property."

- The Debtor must delete paragraph G.1 of the plan in its entirety. Because this is a liquidating plan, the Debtor will not be eligible for a discharge.

   The Debtor must re-designate paragraph G.2 as paragraph "G.1,"

4. The Debtor must amend paragraph VII.E on pages 25-26 so that it states, in its entirety:

   *E.     Effect of confirmation*

   *If the plan is confirmed by the Court:*

   *1.     Its terms are binding on the debtor, all creditors, shareholders and other parties in interest, regardless of whether they have accepted the plan.*

   *2.     Except as provided in the plan and in 11 U.S.C. § 1141(d):*

   *In the case of a corporation that is liquidating and not continuing its business, as in this case:*

   *(a)     Claims and interests will not be discharged.*

   *(b)     Creditors and shareholders will not be prohibited from asserting their claims against or interests in the debtor or its assets.*

Accordingly,

IT IS ORDERED that no later than **May 27, 2022**, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **May 27, 2022**, the Debtor also must file a

redlined version of the amended combined plan and disclosure statement, showing the changes the Debtor has made to the "Debtor's Second Amended Combined Plan and Disclosure Statement" filed May 18, 2022.

**Signed on May 25, 2022**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**